IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,        No. Mag. S-08-0415 EFB

    v.

MARIE CROSS,

        Defendant.        <u>ORDER AFTER BENCH TRIAL</u>

                                  /

**I.    Introduction**

        Defendant is charged in an information with entering Travis Air Force Base, on March 24, 2008, in Solano County, California, for a purpose prohibited by regulation, to wit, entering the base without carrying a valid identification card and valid visitor's pass as required by Section 21 of the Internal Security Act of 1950, codified at 50 U.S.C. § 797, in violation of 18 U.S.C. § 1382, a class B misdemeanor. Richard Shoemaker-Moyle appeared on behalf of the United States. Ji-Hyun Cho appeared on behalf of the defendant. This case proceeded as a bench trial, and following trial the parties submitted briefing on the question of whether entry through a manned security gate necessarily resulted in defendant's authorization to enter the base.

////

## II.     Facts

Officer Cantu testified that he was on duty on March 24, 2008, and responded to a report of a shoplifting incident at the base exchange. While at the Exchange investigating the report he identified the defendant, who was suspected of shoplifting. According to Officer Cantu, the defendant was not able to produce a military identification. Officer Cantu testified that he was told by the defendant that her military sponsor was deceased and that she believed her card may have expired. Officer Cantu further testified that the defendant told him she did have an identification card coming through the gate but that she lost it.

Officer Trojanowski, a Law Enforcement Supervisor went to the scene because of a report that the defendant had no military identification. He testified that he identified the defendant by her California Driver's License, and that the defendant stated she did not have a military identification on her. According to Officer Trojanowski, he expressed concern for how the defendant entered the base without such an identification and the defendant stated that she left it in her car. Officer Trojanowski obtained the defendant's consent to a search of her car but the search failed to locate a military identification in the car.

The defendant contends that she was allowed entry onto the base at a gate attended by security personnel who allowed her to enter and that therefore her entry was either necessarily authorized or that she was without any knowledge that her entry was unauthorized. Relying on *United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985), defendant argues that section 1382 requires knowledge that the entry is unauthorized and the government did not prove such knowledge.

The government must prove that defendant entered onto the base, and that she did so for any purpose prohibited by law. 18 U.S.C. § 1382. *Cottier* held that the second element is satisfied if the government proves that the defendant knew that her entry was unauthorized. 759 F.2d at 762. Although defendant asserts that she lacked such knowledge, the evidence at trial proves otherwise.

1    The testimony of both Officers Cantu and Trojanowski established that *all* entrances to
2 the base have secured gates staffed by security guards and that all personnel who seek to enter
3 must present a valid identification card. Their testimony also established that signs are posted in
4 front of every entry gate warning drivers that they must have permission to enter and be on the
5 base. They also testified that the base was surrounded by chain link fencing with barbed wire at
6 the top. Further, the warning signs were placed at regular intervals. That evidence plainly
7 demonstrates that any reasonable person entering the base is placed on notice that they must
8 have permission to do so and must pass through the security checks where identification is
9 required. Moreover, the testimony showed that defendant made statements to Officer Cantu
10 showing that she was well aware of the identification requirement. She told Officer Cantu that
11 she did have an identification card coming through the gate but that she "lost it." She further
12 stated that she was a military dependent but her "sponsor" was deceased and that she believed
13 her card may have expired. This testimony was not refuted. From these statements it is clear
14 that defendant had knowledge that a valid identification was a prerequisite to permission to enter
15 and be on the base. It is also clear that defendant had prior experience entering the base using an
16 identification card. Her statements to the officer cannot be reconciled with the argument that she
17 believed that merely being passed through the gate was adequate authorization to be on the base.
18 The court finds, based on the officers' testimony regarding defendant's statements showing her
19 prior experience and knowledge that a valid identification was required, that defendant knew
20 when she entered the base that entry without such identification was not authorized.
21 ////
22 ////
23 ////
24 ////
25 /////
26 ////

1  The government has proved, beyond a reasonable doubt, that defendant knowingly
2  entered the base without authorization, and therefore that she entered the base for a purpose
3  prohibited by law in violation of 18 U.S.C. § 1382.d.  *United States v. Cottier*, 759 F.2d 760, 762
4  (9th Cir. 1985).  Therefore, the defendant is adjudged guilty of the sole count of the Information.
5  Judgment and sentencing is now SET for July 18, 2011 at 10:00 a.m. in Courtroom No. 24.  The
6  matter is referred to the U.S. Probation Office for preparation of a presentence report.
7  DATED:   April 29, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE